1  **REEDER MCCREARY, LLP**
   Christopher S. Reeder, Bar No. 193041
2  *chris@reedermccreary.com*
   Duncan McCreary, Bar No. 225034
3  *duncan@reedermccreary.com*
   11766 Wilshire Blvd., Suite 1470
4  Los Angeles, CA 90025
   Telephone: 310-861-2470
5
   Attorneys for Defendants,
6  CLOSETS BY DESIGN, INC., a California
   corporation, CBD FRANCHISING, INC., a
7  California corporation, CLOSET WORLD
   INC., a Delaware Corporation, FRANK M.
8  MELKONIAN, an individual.

9

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

12

13  CASABLANCA DESIGN                    Case No. 2:23-CV-02155-ODW-PD
    CENTER, INC., a California
14  Corporation,
                                         **MEMORANDUM OF POINTS AND**
15                                       **AUTHORITIES IN SUPPORT OF**
                                         **MOTION TO DISMISS, PURSUANT**
16              Plaintiffs,              **TO FED. R. CIV. P. 12(B)(1) AND**
                                         **12(B)(6) TO FIRST AMENDED**
17      v.                               **COMPLAINT**

18
    Defendants, CLOSETS BY              **Date:      September 18, 2023**
19  DESIGN, INC., a California          **Time:      1:30 p.m.**
    corporation, CBD FRANCHISING,       **Place:     United States Courthouse**
20  INC., a California corporation,                 **Courtroom 5D**
    CLOSET WORLD INC., a Delaware                   **350 W. 1st St.**
21  Corporation, FRANK M.                           **Los Angeles, CA 90012**
    MELKONIAN, an individual, and
22  DOES 1 – 10,
                                         Complaint Filed:    March 22, 2023
23              Defendants.

24

25

26

27

28

1

2

## **TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................2

II.   STATEMENT OF FACTS ..................................................................3

   A.    Summary of Business Operations of Closets by Design and CBDF .................3

   B.    Summary of Allegations of Plaintiff..................................................3

III.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED.............................................................................4

   A.    Standard of Review .........................................................................4

   B.    The Motion to Dismiss as to Plaintiff's First and Second Causes of Action
Should Be Granted Because Said Causes of Action Have Not Been Pled with The
Required Particularity........................................................................5

IV.   FIRST CAUSE OF ACTION ..............................................................6

   A.    False Statement Prong.....................................................................6

   B.    The Statement Actually Deceived or had the Tendency to Deceive a
Substantial Segment of its Audience Prong ...........................................8

   C.    Plaintiff has been or is Likely to be Injured as a Result of the False Statement,
Either by Direct Diversion of Sales from Itself to the Defendant, or by a Lessening
of Goodwill Associated with the Plaintiff's Product Prong .........................8

V.   SECOND CAUSE OF ACTION ..........................................................9

   A.    The Court Should Dismiss CBDF From the First Cause of Action Because the
Complaint Contains No Allegations That CBDF Made a False Statement of Caused
False Statements to Enter Interstate Commerce.......................................10

VI.   THE COURT NEED NOT GRANT LEAVE TO AMEND..............................10

i

# TABLE OF AUTHORITIES

**Cases**

*accord Pelayo v. Nestle USA, Inc.*, 989 F.Supp.2d 973, 975 fn 2 (C.D.Cal. 2013) ... 8

*Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 (9th Cir. 2011) ................................. 8

*Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994) ........................................... 4

*Cel-Tech v. Los Angeles Cellular Telephone*, 20 Cal.4th 163, 183 (1999) ............... 8

*Davis v. HSBC Bank*, 691 F.3d 1152, 1166 (9th Cir. 2012) .................................... 8

*Ecodisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp.2d 1074,
  1085  (C.D. Cal.2010) ..................................................................................... 4

*Hairston, supra*, 2012 U.S. Dist. LEXIS 74279 at *7-10 ......................................... 8

*Harper House, Inc. v. Thomas Nelson, Inc.,* 889 F.2d 197, 210 (9th Cir. 1989) ....... 7

*Johnson & Johnson–Merck v. Rhone–Poulenc Rorer*, 19 F.3d 125, 129 (3rd Cir.
  1994) ............................................................................................................. 5

*Knievel v. ESPN,* 393 F3d 1068, 1076-1077 (9th Cir. 2005) ................................... 4

*LensCrafters, Inc. v. Vision World, Inc.*, 943 F. Supp. 1481, 1495 (D. Minn. 1996) 6

*Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir.2008) 5

*Pom Wonderful LLC v. Ocean Spray Cranberries, Inc*., 642 F.Supp.2d 1112, 1123–24
  (C.D.Cal.2009) ............................................................................................... 4

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ......... 8

*Schreiber Distrib. Co. v. Serv–Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir.
  1986) ............................................................................................................. 5

*Summit Tech. v. High-Line Medical Instruments Co.,* 922 F.Supp. 299, 304 (C.D.
  Cal. 1996) ...................................................................................................... 3

*Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102–04 (9th Cir.2003) ......... 4, 5, 6

*VIP Products, LLC v. Kong Co. LLC,* No. CV10–0998–PHX–DGC, 2011 WL 98992
  (D.Ariz.  Jan.12, 2011) .................................................................................... 4

*Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981) ....................... 3

MEMORANDUM OF POINTS AND AUTHORITIES

1

2

**Statutes**

3

18 U.S.C. § 1964(c) ................................................................................6

4

Fed. R. Civ. P. 9(b) ..........................................................................1, 12

5

Fed. R. Civ. P. 12(b)(1), and 12(b)(6) ........................................1, 12, 19

6

Federal Rule of Evidence 201 ......................................................1, 12, 13

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Closets by Design, Inc., Closet World, Inc. and CBD Franchising, Inc. hereby submit the following Memorandum of Points and Authorities in Support of their Motion to Dismiss, pursuant to Fed. R. Civ. P 12(b)(6).

DATED:  June 23, 2023

Respectfully submitted,

**REEDER MCCREARY, LLP**

By: /s/ Duncan McCreary
     Christopher S. Reeder
     Duncan McCreary

Attorneys for Defendants, CLOSETS BY DESIGN, INC., a California corporation, CBD FRANCHISING, INC., a California corporation, CLOSET WORLD INC., a Delaware Corporation, FRANK M. MELKONIAN, an individual

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The First Amended Complaint ("FAC") is a long-winded attempt to allege violations of the Lanham Act without any specific factual allegations satisfying the heightened pleading requirement of Rule 9(b) or otherwise.  It is well-settled that claims sounding in fraud require a heightened pleading standard under Rule 9(b) and the District Courts have extended the heightened pleading standard to include false advertising claims brought under the Lanham Act.

Despite the incredible length of the FAC (forty-five (45) pages), the allegations pled in support of the three (3) causes of action fail to satisfy the pleading standard under Rule9(b).

Initially, Plaintiff has failed to allege facts which demonstrate that the Closets by Design ads constitute a continuous sale and were therefore a false statement. Plaintiff has failed to identify whether the advertisements were targeted at nationwide audience or a specific location and/or zip code. Said allegation is critical because Plaintiff should be required to allege that ads were all targeted at the same geographic area.  Because if the ads were created for different geographic regions, the sales are not continuous, but simply similar sales for different geographic regions.

Plaintiff has also failed to allege how the misrepresentation actually deceived or has the tendency to deceive a substantial segment of its audience.  Even assuming arguendo that the sales are continuous, plaintiff is required to allege how the customers were actually deceived.

Finally, Plaintiff must plead that it was actually harmed by the allegedly false advertisements. Plaintiff is required to plead specific facts which identify actual customers who were diverted to Closets by Design, Inc. ("Closets by Design") by the allegedly false advertisements and/or how its goodwill was damaged.

CBD Franchising, Inc. ("CBDF") should be dismissed from the First Cause

of Action because the Complaint contains no allegations that CBDF created any advertisements or that CDBF actually distributed the allegedly false advertisements.

## II.   STATEMENT OF FACTS

### A.   Summary of Business Operations of Closets by Design, Inc., Closet World, Inc. and CBDF

Defendants Closets by Design, Inc. ("Closets by Design"), Closet World. Inc. ("Closet World") and CBDF (collectively hereinafter "Companies") install high-end closets for consumers throughout the nation.  Whether a client is purchasing a closet system from Closets by Design, the sales process is customized from beginning to end specifically to suit each client.  The client meets with a designer for an in-home consultation, selects a closet system customized particularly to the specifications of their home, and engages in direct negotiations with a designer regarding price.

### B.   Summary of Allegations of Plaintiff

Plaintiff Casablanca Design Center, Inc. dba "Interior Door & Closet Company" ("Plaintiff") is an affiliate of One Day Doors & Closets, Inc. FAC ¶12.  It purports to bring claims on behalf of itself as a competitor of Closets by Design, Closet World, Inc. and CBDF via three (3) causes of action:   1) False Advertising under 15 U.S.C. § 1125(a)(1)(B); 2) Contributory False Advertising under 15 U.S.C. § 1125(a)(1)(B). *See generally* FAC.

Plaintiff generally alleges that its business was damaged by Closets by Design's advertisements due a continuous sale.  FAC ¶¶ 5, 6,7.  Plaintiff spends the majority of the FAC alleging that Closets by Design's advertisements are false because, among other items, the sales are continuous and therefore Closets by Design has no "regular" price products.  FAC ¶ 5, 6,7.   Yet, importantly, Plaintiff fails to provide the complete versions of the advertisements which allegedly create the continuous sale for its products.  Moreover, Plaintiff fails to allege any facts related to the actual harm that it suffered due to the advertisements.

These claims are not only materially untrue but fail on a number of grounds,

3

1  detailed below.

2  **III.    THE FAC FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN**

3        **BE GRANTED**

4        **A.    Standard of Review**

5        A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

6  tests the legal sufficiency of the claims asserted in the complaint.  *Summit Tech. v. High-*

7  *Line Medical Instruments Co.,* 922 F.Supp. 299, 304 (C.D.Cal. 1996).   Dismissal

8  pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper "where there is either a

9  'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a

10  cognizable legal theory.'"  *Id.*  While a Court must accept all allegations in the complaint

11  and  reasonable  inferences,  it  "need  not  accept  as  true  unreasonable  inferences,

12  unwarranted deductions of fact, or conclusory allegations case in the form of factual

13  allegations." *Id.* (citing *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.

14  1981).

15        "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

16  requires more than labels and conclusions, and a formulaic recitation of the elements of

17  a cause of action will not do." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555 (2007).

18  Factual allegations in support of a complaint must raise a right to relief "above the

19  speculative level" to avoid dismissal.  *Id.*

20        Where claims sounding in fraud are at issue, Rule 9(b) provides: "In alleging fraud

21  or mistake, a party must state with particularity the circumstances constituting fraud or

22  mistake." Fed. R. Civ. P. 9(b).  District courts have extended this rule to false advertising

23  claims under the Lanham Act. See, e.g., *VIP Products, LLC v. Kong Co. LLC,* No.

24  CV10–0998–PHX–DGC, 2011 WL 98992 (D.Ariz. Jan.12, 2011); *Ecodisc Tech. AG v.*

25  *DVD Format/Logo Licensing Corp.*, 711 F. Supp .2d 1074, 1085 (C.D.Cal.2010); *Pom*

26  *Wonderful LLC v. Ocean Spray Cranberries, Inc.*, 642 F.Supp.2d 1112, 1123–24

27  (C.D.Cal.2009).     As such, false advertising claims are subject to the pleading

28  requirements of Rule 9(b).  Accordingly, Plaintiff must allege " 'the who, what, when,

where, and how' " of the alleged false advertising. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102–04 (9th Cir.2003).

While generally a court may not consider matters beyond the pleadings on a Rule 12(b)(6) motion, there are several exceptions whereby the motion is not converted into a motion for summary judgment, including: material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 (*See Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994)); and documents, where its contents are alleged in a complaint, the document is not physically attached to the complaint, and no party questions the authenticity of the document (*See e.g., Knievel v. ESPN,* 393 F3d 1068, 1076-1077 (9th Cir. 2005)).

**B.      The Motion to Dismiss Should Be Granted as to Plaintiff's First and Second Causes of Action Because Said Causes of Action Have Not Been Pled with The Required Particularity.**

Rule 9(b) of the Federal Rules of Civil Procedure dictates that in alleging fraud against a defendant, a party must state with particularity the circumstances constituting fraud in the FAC.  The heightened pleading requirement of Rule 9(b) applies not only where fraud is an essential element of a claim, but where the claim is "grounded in fraud" or "sounds in fraud." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

Accordingly, Plaintiffs in this action "must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff[s] must set for what is false or misleading about a statement, and why it is false" – in other words, "'the who, what, when, where and how' of the misconduct charged." *Vess,* 317 F.3d at 1106.

Importantly, Rule 9(b) does not allow a complaint to **merely lump multiple defendants together** but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. *Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756, 764–65.

5

## IV.    FIRST CAUSE OF ACTION

To state a claim for false advertising under the Lanham Act, the plaintiff must show:

"(1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product." *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir.2008)

In this case, Plaintiff has not alleged even the bare minimum that would be required to support its claims.

### A.    False Statement Prong

The plaintiff can satisfy the first factor by alleging that the defendant made statements of fact regarding its own products which are either literally false or are literally true but are likely to mislead customers. *Johnson & Johnson–Merck v. Rhone–Poulenc Rorer*, 19 F.3d 125, 129 (3rd Cir.1994)

To satisfy Rule 9(b), Plaintiff must therefore "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986).

As an initial matter, Plaintiff concludes that the "false advertising" in this lawsuit consists of two aspects: (1) a continuous sale; and (2) all products are always "40% Off."    FAC ¶ 5, 6,7 Yet, the factual allegations and Exhibits to the FAC do not support either of Plaintiff's conclusions.

In the FAC ¶ 126-142, inclusive, Plaintiff attempts to allege that Closets By Design's ads were allegedly false in two (2) respects: (1) continuous sale and (2) all

REEDER MCCREARY
L L P

products always "40% Off.".  Yet, Plaintiff fails to provide any ads which support the continuous sale and/or "40% Off" allegations.  Instead, Plaintiff attempts to substitute a purported summary of the advertisements in the place of actual advertisements establishing Plaintiff's position. (Exhibit 13)  For example, Exhibit 15 of the FAC contains two (2) ads whose expiration dates are separated by over five (5) months. The Closets By Design September 2022 ad expires within thirty (30) days while the March 2023 ad expires on March 11, 2023. (Exhibit 15) Neither ad establishes a continuous sale and/or a continuous discount of "40% Off" because the ads do not even demonstrate that Closets By Design was actually linking the sales together. Despite the alleged investigation, Plaintiff fails to produce any examples of actual exhibits of either the continuous sale and/or a continuous discount of "40% Off."

Importantly, Exhibit 15 (the actual ad by Closets By Design) contradicts the purported summary of Exhibit 13.  The March 2023 ad expires on March 11, 2023 by its own terms.  Yet, the summary lists the same ad as expiring in December 10, 2022. Therefore, the summary's accuracy is lacking and cannot establish a for the continuous sale at "40% Off."

The same deficiencies exist with Closet World.  FAC ¶153 fails to allege that Closets World's sale is either continuous or all products are always "40% Off" because the "start" and "end" date of the sales are not provided.  Plaintiff fails to make even one allegation which factually alleges that these sales are continuous and therefore Closet World's products are always "on-sale" at least a 40% discount.  Moreover, Plaintiff proceeds to attach partial Closet World ads as a part of its FAC to allege that Closet World is engaging in a continuous sale at a 40% discount. (Exhibit 14)  Yet, tellingly, Plaintiff fails to provide the terms and conditions in the click through portion of the Closet World ads. (Exhibit 14)  In order to comply with its pleading obligations under Rule 9(b), Plaintiff is required to allege the entirety of the ads including its terms and conditions.

Plaintiff has failed to comply with its pleading obligations as to the First Cause

MEMORANDUM OF POINTS AND AUTHORITIES

of Action.

**B.     The Statement Actually Deceived or had the Tendency to Deceive a Substantial Segment of its Audience Prong**

A manufacturer's allegedly continuous advertising of sales was not false advertising under Lanham Act, absent any actual consumer confusion that resulted from that practice.  Lanham Trade-Mark Act, § 43(a)(1); *LensCrafters, Inc. v. Vision World, Inc.*, 943 F. Supp. 1481, 1495 (D. Minn. 1996).

Here, the FAC is devoid of any factual allegations which establishes that any particular customer was actually confused about by the alleged continuous of advertisement of sales.  Under Rule 9(b) and *LensCrafters, Inc., supra.*, Plaintiff is required to make specific factual allegations as to the "who, what, when, where and how" regarding the actual confusion created amongst consumers by alleged false advertisement.  *Vess,* 317 F.3d at 1106.  The FAC solely and generically concludes that customers were "likely" confused or misled. FAC  ¶¶ 107   Yet, the FAC wholly fails to identify any actual instance and/or customer who was deceived by the alleged continuous sale advertisements.  Said failure renders the FAC amenable to a Motion to Dismiss because Plaintiff is required to plead specific facts to support the deception which occurred due to Closet by Design's allegedly false advertisements.

**C.     Plaintiff has been or is Likely to be Injured as a Result of the False Statement, Either by Direct Diversion of Sales from Itself to the Defendant, or by a Lessening of Goodwill Associated with the Plaintiff's Product Prong**

In a suit for damages under section 43(a), however, some injury resulting from the deception is an essential element of the plaintiff's case.  *Harper House, Inc. v. Thomas Nelson, Inc.,* 889 F.2d 197, 210 (9th Cir. 1989) Plaintiff is required to allege that the defendant's actions caused the claimed harm.  *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 209 (9th Cir. 1989)

Here, the FAC fails to allege with the requisite particularity under Rule 9(b) any

8

harm which Plaintiff allegedly suffered due to the alleged actions of Closets by Design or CBDF.  Plaintiff generically alleges that Closets by Design's actions harmed Plaintiff and damaged its good will.  FAC ¶¶ 30, 107, 110.  Yet, Plaintiff fails to allege any facts related to how Plaintiff's good will was actually damaged.  Moreover, Plaintiff wholly fails to make any specific allegations as to the number of many customers were allegedly diverted because of Closets by Design's advertising, if any. FAC ¶¶ 109, 170 Instead, Plaintiff again simply concludes that customers were diverted with no facts. Under Rule 9(b), Plaintiff is required to make specific factual allegations as to its alleged damages.  Plaintiff has failed to make the requisite allegations required under Rule 9(b) as to the harm which it sustained.

## V.    SECOND CAUSE OF ACTION

To establish a Contributory False Advertising Claim[1], one must establish the following elements:

(1) third party in fact directly engaged in false advertising that injured the plaintiff" and

(2) the defendant contributed to that conduct either by knowingly inducing or causing the conduct, or by materially participating in it. *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.,* 797 F.3d 1248, 1277

Here, Plaintiff has made no factual allegations that CBDF knowingly induced Closets by Design to engage in false advertising, caused Closets by Design's to allegedly engage in false advertising and/or materially participated in Closet by Design's allegedly false advertising.  Plaintiff simply concludes that CBDF engaged in the foregoing activities but wholly fails to plead specific facts which would establish that CBDF has engaged in activities which are actionable under a Contributory False Advertising Claim.  Plaintiff's allegations that CBDF reserves rights to take certain actions as to advertising does not establish that CBDF contributed, caused or

---

[1] Ninth Circuit has not expressly recognized contributory false advertising claims under the Lanham Act. *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 378 F. Supp. 3d 823, 847–49 (N.D. Cal. 2019)

MEMORANDUM OF POINTS AND AUTHORITIES

materially participated in the allegedly false advertising.

Under Rule 9(b), Plaintiff is obligated to plead specific facts giving rise to the instant cause of action because said cause of action arises from a false advertising claim under the Lanham Act. Plaintiff has failed to do so and CBDF should be dismissed from the instant cause of action.

### A. The Court Should Dismiss CBDF From the First Cause of Action Because the FAC Contains No Allegations That CBDF Made a False Statement or Caused False Statements to Enter Interstate Commerce.

To state a claim for false advertising under the Lanham Act, the plaintiff must show:

"(1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product." *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir.2008)

Here, Plaintiff has made no allegation whatsoever that CBDF engaged in any advertising which was false. The FAC contains no allegations that CBDF created any advertisements or that CDBF actually distributed the allegedly false advertisements. In fact, no allegations are made that CBDF engaged in any advertising whatsoever.

### VI.   THIRD CAUSE OF ACTION

"Rule 9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims." Edwards v. Marin Park, Inc. (9th Cir. 2004) 356 F.3d 1058, 1065-66.

10

Rule 9(b) does not allow a complaint to **merely lump multiple defendants together** but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. *Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756, 764–65.

### A. The Court Should Dismiss the Third Cause of Action Because the Instant Dispute is an Ordinary Business Dispute.

RICO "is not a cause of action to be pled lightly," and "RICO treatment is reserved for conduct whose scope and persistence pose a special threat to social well-being." *Biggs v. Eaglewood Mortgage, LLC*, 582 F.Supp.2d 707, 714 (D.Md.2008) It is well-settled that ordinary business disputes such as fraud disputes cannot be transformed into federal RICO claims. *Flip Mortg. Corp. v. McElhone*, 841 F.2d 531, 538 (4th Cir.1988).

Here, Plaintiff, a competitor of the Companies attempts to convert the sales of customized closets into a federal RICO claim. The law is well-settled that garden businesses disputes such as a dispute between competitors related to the advertising of custom closets cannot be converted into RICO claims because said disputes do not "pose a special threat to social well-being" under *Biggs,* supra. Therefore, the third cause of action should be dismissed because the Companies advertising of custom closets does not "pose a special threat to social well-being" under *Biggs.*

### B. The Court Should Dismiss the Third Cause of Action Because the Plaintiff has Failed to Plead an "Enterprise" as Required under Rule 9(b) for a RICO violation under 18 U.S.C. § 1962(c).

To state a civil claim for a RICO violation under 18 U.S.C. § 1962(c), a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc*. (1985) 473 U.S. 479, 496.

[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v.*

11

*King*, 533 U.S. 158, 161, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001).8 A corporate entity can be sued as a RICO "person" or named as a RICO "enterprise," see 18 U.S.C. § 1961(3), (4), but the same entity cannot be both the RICO person and the enterprise, *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 89 (2d Cir. 1999) (citing *Bennett v. U.S. Tr. Co. of N.Y.*, 770 F.2d 308, 315 (2d Cir. 1985))

A parent corporation and its two wholly-owned subsidiaries were not distinct from an enterprise consisting of those three entities because each entity, like the corporation and its employees in *Riverwoods*, was "acting within the scope of a single corporate structure" and "guided by a single corporate consciousness." *U1it4less, Inc. v. Fedex Corp.*, 871 F.3d 199, 206 (2d Cir. 2017)

Here, the allegations of the FAC fail to plead an "enterprise" at all or with the requisite specificity required under Rule 9(b). Plaintiff concedes that the Companies are affiliates of one another throughout the FAC and therefore not distinct. As such, the cause of action for RICO under 18 U.S.C. § 1962(c) should dismissed for lack of an enterprise under *U1it4less, Inc.,* supra.

## C. The Court Should Dismiss the Third Cause of Action Because the Plaintiff has Failed to Plead a "Racketeering Activity" as Required under Rule 9(b) for a RICO violation under 18 U.S.C. § 1962(a) (b) and (c).

### i. Wire Fraud and Mail Fraud

[A] wire fraud violation consists of (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2007)

"Mail fraud, in turn, occurs whenever a person, having devised or intending to devise any scheme or artifice to defraud, uses the mail for the purpose of executing such scheme or artifice or attempting so to do." *Bridge v. Phoenix Bond & Indem. Co.*, (2008) US 639, 647.

### a.    **Formation of Scheme to Defraud**

Here, Plaintiff has wholly failed to allege the actual formation of a plan which was created to allegedly defraud the potential consumers.  In fact, the FAC is devoid of any allegations related to the formation of the scheme or any details of the scheme itself.  Plaintiff's failure to allege any details regarding the formation of the scheme fails to comply with the requirement of particularized pleading under Rule 9(b).  Therefore, said cause of action should be dismissed in its entirety.

### b.    **Specific Intent to Deceive or Defraud**

Consistent with this concern, recent cases, at least, make clear that all the statute punishes is *deliberate* fraud. *United States v. Dunn,* 961 F.2d 648, 650 (7th Cir.1992). Mere failure to disclose, without more, is not fraud. 18 U.S.C.A. § 1341

In the case at bar, Plaintiff has failed to plead the element of intent to defraud the potential consumer.  Said element is a required element for both mail and wire fraud violations.  Plaintiff makes no mention whatsoever that the Companies intended to specifically defraud their customers.  Said omission fails to comply with the requirement of particularized pleading under Rule 9(b) and therefore the cause of action should be dismissed.

## A. The Court Should Dismiss the Third Cause of Action Because the Plaintiff has Failed to Plead Proximate Cause as Required under Rule 9(b) for a RICO violation under 18 U.S.C. § 1962(a) (b) and (c).

"Proximate cause for RICO purposes ... should be evaluated in light of its common-law foundations; proximate cause thus requires 'some direct relation between the injury asserted and the injurious conduct alleged.' " *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9 (2010).

Here, Plaintiff has failed to plead any direct relationship with injury and alleged racketeering activities.  Said omission fails to comply with the requirement of particularized pleading under Rule 9(b) and therefore the cause of action should be

13

REEDER MCCREARY
L L P

dismissed.

## VII.   **THE COURT NEED NOT GRANT LEAVE TO AMEND**

Where a pleading cannot possibly be cured by amendment and any amendment would be futile, it is appropriate to deny leave to amend. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").  In this case, Defendants submit Plaintiff cannot possibly amend to cure the deficiencies in the FAC and therefore Defendants respectfully request that the Court dismiss Plaintiff's FAC without leave to amend.

DATED:  June 23, 2023                    Respectfully submitted,

                                               **REEDER MCCREARY, LLP**

                                   By: /s/ Duncan McCreary
                                        Christopher S. Reeder
                                        Duncan McCreary

                                   Attorneys for Defendants, CLOSETS BY DESIGN, INC., a California corporation, CBD FRANCHISING, INC., a California corporation, CLOSET WORLD INC., a Delaware Corporation, FRANK M. MELKONIAN, an individual

**REEDER MCCREARY**
L L P

14