**REEDER MCCREARY, LLP**
Christopher S. Reeder, Bar No. 193041
*chris@reedermccreary.com*
Duncan McCreary, Bar No. 225034
*duncan@reedermccreary.com*
Marcus L. Tippens, Bar No. 328667
*marcus@reedermccreary.com*
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
Telephone: 310-861-2470

Attorneys for Defendants,
Closets by Design, Inc., CBD Franchising, Inc., Closet World, Inc. and Frank M. Melkonian

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

CASABLANCA DESIGN CENTER, INC., a California Corporation,

Plaintiff,

v.

CLOSETS BY DESIGN, INC., a California corporation, CBD FRANCHISING, INC., a California corporation, Closet World, Inc., a Delaware corporation, FRANK M. MELKONIAN, an individual, and DOES 1 – 10,

Defendants.

Case No. 2:23-CV-02155-ODW-PD

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(B)(6) TO SECOND AMENDED COMPLAINT**

**Date:** **July 15, 2024**
**Time:** **1:30 p.m.**
**Place:** **United States Courthouse Courtroom 5D 350 W. 1st St. Los Angeles, CA 90012**

Complaint Filed: March 22, 2023

REEDER MCCREARY LLP

## TABLE OF Contents

**I. INTRODUCTION** .......... 2

**II. STATEMENT OF FACTS** .......... 3

**A. Summary of Business Operations of Closets by Design, Inc., Closet World, Inc. and CBDF** .......... 3

**B. Summary of Allegations of Plaintiff** .......... 3

**III. LEGAL STANDARD** .......... 4

**A. Legal Standard for a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)** .......... 4

**B. Legal Standard for a Motion to Dismiss for Failure to Plead with Particularity Under Rule 9(b)** .......... 5

**IV. ARGUMENT** .......... 5

**A. This Action Concerns an Ordinary Business Dispute and is not what is Contemplated under RICO** .......... 5

**B. Plaintiff has Failed to Plead "Racketeering Activity" as Required under Rule 9(b) for RICO Violations Under 18 U.S.C. § 1962 et seq.** .......... 6

**V. THE COURT NEED NOT GRANT LEAVE TO AMEND** .......... 8

REEDER MCCREARY LLP

# TABLE OF AUTHORITIES

## Cases

*Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555 (2007) ..... 4

*Biggs v. Eaglewood Mortgage, LLC*, 582 F.Supp.2d 707, 714 (D.Md.2008) ..... 6

*Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994) ..... 4

*Bridge v. Phoenix Bond & Indem. Co.*, (2008) US 639, 647 ..... 7

*Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087 (9th Cir. 2002) ..... 2, 6

*Ecodisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp .2d 1074, 1085 (C.D.Cal.2010) ..... 5

Edwards v. Marin Park, Inc. (9th Cir. 2004) 356 F.3d 1058, 1065-66 ..... 5, 6

*Flip Mortg. Corp. v. McElhone*, 841 F.2d 531, 538 (4th Cir.1988) ..... 6

*Knievel v. ESPN,* 393 F3d 1068, 1076-1077 (9th Cir. 2005) ..... 4

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397, 405 (9th Cir. 1991) ..... 7

*Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007) ..... 7

*Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*, 642 F.Supp.2d 1112, 1123–24 (C.D.Cal.2009) ..... 5

*Sedima, S.P.R.L. v. Imrex Co., Inc.* (1985) 473 U.S. 479, 496 ..... 6

*See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ..... 8

*Summit Tech. v. High-Line Medical Instruments Co.,* 922 F.Supp. 299, 304 (C.D.Cal. 1996) ..... 4

*Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756, 764–65 ..... 5, 7

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) ..... 5

*VIP Products, LLC v. Kong Co. LLC,* No. CV10–0998–PHX–DGC, 2011 WL 98992 (D.Ariz. Jan.12, 2011) ..... 5

*Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981) ..... 4

## Statutes

15 U.S.C. § 1125(a)(1)(B); 2) ..... 3



REEDER MCCREARY LLP

15 U.S.C. § 1125(a)(1)(B); 3) .......... 3
18 U.S.C. § 1962 et seq. .......... 8
18 U.S.C. § 1962(a), (b), (c) .......... 3
18 U.S.C. § 1962(c) .......... 6
18 U.S.C. § 1962(d) .......... 3
Fed. R. Civ. P 12(b)(6) .......... 1
Fed. R. Civ. P. 9(b) .......... 5

**Rules**

Federal Rule of Evidence 201 .......... 4
**Rule 12(b)(6)** .......... 4
Rule 9(b) .......... 2, 5, 6, 8
**under Rule 9(b) for RICO Violations Under 18 U.S.C. § 1962 et seq.** .......... 6

REEDER MCCREARY LLP

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Closets by Design, Inc., Closet World, Inc., CBD Franchising, Inc. and Frank M. Melkonian hereby submit the following Memorandum of Points and Authorities in Support of their Motion to Dismiss, pursuant to Fed. R. Civ. P 12(b)(6).

DATED: May 1, 2024

Respectfully submitted,

**REEDER MCCREARY, LLP**

By: /s/ Christopher S. Reeder

Christopher S. Reeder
Duncan McCreary
Michael E. Gerst
Marcus L. Tippens

**ATTORNEYS FOR DEFENDANTS, CLOSETS BY DESIGN, INC., CLOSET WORLD, INC., CBD FRANCHISING, INC. AND FRANK M. MELKONIAN**

REEDER MCCREARY LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Second Amended Complaint ("SAC") converts a garden variety business dispute into a Civil RICO violation without factual allegations satisfying the heightened pleading requirement of Rule 9(b) or otherwise. It is well-settled that claims sounding in fraud, including RICO fraud claims, require a heightened pleading standard under Rule 9(b). Despite the length of the SAC (Fifty-Four (54) pages), the generic allegations pled in support of the Plaintiff's third and fourth causes of actions against Defendants Closets by Design, Inc. ("Closets by Design"), Closet World. Inc. ("Closet World") and CBDF (collectively hereinafter "Defendant Companies") and Frank Melkonian ("Mr. Melkonian") fail to satisfy the pleading standard under Rule9(b).

This action is a dispute between competitors who sell custom closets. The operative complaint simply alleges that the advertisements of one competitor are misleading. This action does not involve a criminal enterprise or threat to society. Therefore, the RICO causes of action in Plaintiff's SAC are wholly inappropriate in this context. Indeed 9th Circuit Courts have held that "[c]ongress enacted RICO 'to combat organized crime, not to provide a federal cause of action and treble damages' for personal injuries." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087 (9th Cir. 2002)

Moreover, Plaintiff has failed to plead racketeering activity with the required particularity. When the racketeering activity alleged is fraud-based, as is the case here, the heightened pleading requirements of Rule 9(b) apply meaning that Plaintiff must detail with particularity the time, place, and manner of each act of fraud alleged, plus the role of each Defendant. Here, Plaintiff has simply listed several distributions of materials which allegedly contain false advertisements and alleged these instances are mail and wire fraud and then attempts to attribute the alleged fraud to each Defendant by simply repeating the allegations and conclusively



RMC REEDER MCCREARY LLP

declaring each Defendants' participation. This is not sufficient to satisfy the heightened particularity pleading standard.

## II. STATEMENT OF FACTS

### A. Summary of Business Operations of Closets by Design, Inc., Closet World, Inc. and CBDF

Defendants Closets by Design, Inc. ("Closets by Design"), Closet World. Inc. ("Closet World") and CBDF (collectively hereinafter "Defendant Companies") install high-end closets for consumers throughout the nation. Whether a client is purchasing a closet system from Closets by Design, the sales process is customized from beginning to end specifically to suit each client. The client meets with a designer for an in-home consultation, selects a closet system customized particularly to the specifications of their home, and engages in direct negotiations with a designer regarding price.

### B. Summary of Allegations of Plaintiff

Plaintiff Casablanca Design Center, Inc. dba "Interior Door & Closet Company" ("Plaintiff") is an affiliate of One Day Doors & Closets, Inc. SAC ¶12. It purports to bring claims on behalf of itself as a competitor of the Defendant Companies and Mr. Melkonian via four (4) causes of action: 1) False Advertising under 15 U.S.C. § 1125(a)(1)(B); 2) Contributory False Advertising under 15 U.S.C. § 1125(a)(1)(B); 3) RICO Act Violations against the Defendant Companies under 18 U.S.C. § 1962(a), (b), (c); and 4) RICO Act Violations against Mr. Melkonian under 18 U.S.C. § 1962(d). *See generally* SAC.

Plaintiff generally alleges that the Defendant Companies and Mr. Melkonian created an enterprise whereby they would make false advertisements to decrease customer acquisition costs and increase sales by diverting business from competitors such as Plaintiff. SAC ¶ 9, 10, 11. Yet, importantly, Plaintiff fails to allege any sufficient facts establishing how the Defendant Companies, who are all affiliates and wholly owned by a parent corporation run by Mr. Melkonian, constitutes a criminal

REEDER MCCREARY LLP

enterprise committing racketeering activity under the RICO statues rather than a run of the mill corporate structure attempting to sell custom closets in the normal course of business.

## III. LEGAL STANDARD

### A. Legal Standard for a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Summit Tech. v. High-Line Medical Instruments Co.,* 922 F.Supp. 299, 304 (C.D.Cal. 1996). Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper "where there is either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* While a Court must accept all allegations in the complaint and reasonable inferences, it "need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory allegations case in the form of factual allegations." *Id.* (citing *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555 (2007). Factual allegations in support of a complaint must raise a right to relief "above the speculative level" to avoid dismissal. *Id*.

While generally a court may not consider matters beyond the pleadings on a Rule 12(b)(6) motion, there are several exceptions whereby the motion is not converted into a motion for summary judgment, including: material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 (*See Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994)); and documents, where its contents are alleged in a complaint, the document is not physically attached to the complaint, and no party questions the authenticity of the document (*See e.g., Knievel v. ESPN,* 393 F3d 1068, 1076-1077 (9th Cir. 2005)).

REEDER MCCREARY LLP

### B. Legal Standard for a Motion to Dismiss for Failure to Plead with Particularity Under Rule 9(b)

Where claims sounding in fraud are at issue, Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The heightened pleading requirement of Rule 9(b) applies not only where fraud is an essential element of a claim, but where the claim is "grounded in fraud" or "sounds in fraud." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). As a result, district courts have extended this rule to false advertising claims under the Lanham Act. See, e.g., *VIP Products, LLC v. Kong Co. LLC,* No. CV10–0998–PHX–DGC, 2011 WL 98992 (D.Ariz. Jan.12, 2011); *Ecodisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp .2d 1074, 1085 (C.D.Cal.2010); *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*, 642 F.Supp.2d 1112, 1123–24 (C.D.Cal.2009). As such, Plaintiff's claims are subject to the pleading requirements of Rule 9(b). Accordingly, Plaintiff must allege "'the who, what, when, where, and how'" of the alleged false advertising or false statements. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102–04 (9th Cir.2003).

Moreover, "Rule 9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims." Edwards v. Marin Park, Inc. (9th Cir. 2004) 356 F.3d 1058, 1065-66. Additionally, Rule 9(b) does not allow a complaint to **merely lump multiple defendants together** but require[s] plaintiffs to **differentiate their allegations** when suing more than one defendant ... and inform **each defendant separately of the allegations surrounding his alleged participation in the fraud**. *Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756, 764–65.

## IV. ARGUMENT

### A. This Action Concerns an Ordinary Business Dispute and is not what is Contemplated under RICO

"Congress enacted RICO 'to combat organized crime, not to provide a federal





REEDER MCCREARY LLP

cause of action and treble damages' for personal injuries." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087 (9th Cir. 2002) (internal citation omitted). RICO "is not a cause of action to be pled lightly," and "RICO treatment is reserved for conduct whose scope and persistence pose a special threat to social well-being." *Biggs v. Eaglewood Mortgage, LLC*, 582 F.Supp.2d 707, 714 (D.Md.2008) It is well-settled that ordinary business disputes such as fraud disputes cannot be transformed into federal RICO claims. *Flip Mortg. Corp. v. McElhone*, 841 F.2d 531, 538 (4th Cir.1988).

Here, Plaintiff, a competitor of the Defendant Companies attempts to convert the sales of customized closets into a federal RICO claim. The law is well-settled that garden variety businesses disputes such as a dispute between competitors related to the advertising of custom closets cannot be converted into RICO claims because said disputes do not "pose a special threat to social well-being" under *Biggs*, supra. Therefore, the third and fourth causes of action should be dismissed because the Defendants' advertising of custom closets does not "pose a special threat to social well-being" under *Biggs*.

**B. Plaintiff has Failed to Plead "Racketeering Activity" as Required under Rule 9(b) for RICO Violations Under 18 U.S.C. § 1962 et seq.**

To state a civil claim for a RICO violation under 18 U.S.C. § 1962(c), a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.* (1985) 473 U.S. 479, 496. Here, Plaintiff has failed to sufficiently plead conduct by the Defendant Companies or Mr. Melkonian that constitutes racketeering activity. For that reasons, Plaintiff's third and fourth causes of action should be dismissed.

"Rule 9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims." *Edwards v. Marin Park, Inc*. (9th Cir. 2004) 356 F.3d 1058, 1065-66. Additionally, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing



RMC REEDER MCCREARY LLP

more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. *Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756, 764–65. In the RICO context, a plaintiff must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397, 405 (9th Cir. 1991).

Here, Plaintiff alleges mail and wire fraud constitutes the underlying racketeering activities. To allege mail or wire fraud, a plaintiff must show (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007) "Mail fraud, in turn, occurs whenever a person, having devised or intending to devise any scheme or artifice to defraud, uses the mail for the purpose of executing such scheme or artifice or attempting so to do." *Bridge v. Phoenix Bond & Indem. Co.*, (2008) US 639, 647.

Here, Plaintiff has wholly failed to allege the actual formation of the scheme which was created to allegedly defraud the potential consumers. In fact, the SAC is devoid of any allegations related to the formation of the scheme or any details of the scheme itself. Instead, Plaintiff simply describes the corporate structure of the Defendant Companies and alleges that their coordinated marketing of closets constitutes a scheme. See SAC ¶ 182-183.

Moreover, the SAC is devoid of all facts alleging time, place and manner for each fraudulent act. The SAC also lacks the required allegations regarding specificity as to the role of each defendant in each scheme as required under *Lancaster,* supra. In the SAC Plaintiff labels paragraphs purporting to detail the role, time, place and manner of each Defendant's participation in the alleged fraud. See SAC ¶ 195-203. However, these paragraphs are nothing more than a recitation of Plaintiff's prior allegations and a description of the corporate structure of the Defendants. Tellingly, Plaintiff cites the same "Exhibit 3" for its allegations of mail fraud against Closets by Design and Closet



REEDER MCCREARY LLP

World and then confusingly points to CBDF's expenses as evidence that Closets by Designs' alleged fraud should also be attributed to CBDF. See SAC ¶¶ 198, 200, 202. These allegations demonstrate Plaintiff's failure to differentiate its allegations against each Defendant. Yet instead of meeting the pleading standard under Rule 9(b), the SAC simply contains general allegations relating to all Defendants. These allegations are insufficient to allege a "racketeering activity" under Rule 9(b) and *Swartz v. KPMG LLP*, 476 F.3d 756, supra.

As such, the third and fourth causes of action for RICO under 18 U.S.C. § 1962 et seq. should dismissed for failure to plead racketeering activity with the requisite specificity under Rule 9(b).

## V. THE COURT NEED NOT GRANT LEAVE TO AMEND

Where a pleading cannot possibly be cured by amendment and any amendment would be futile, it is appropriate to deny leave to amend. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). In this case, Defendants submit Plaintiff cannot possibly amend to cure the deficiencies in the SAC and therefore Defendants respectfully request that the Court dismiss the third and fourth cause of action in Plaintiff's SAC without leave to amend.

DATED: May 1, 2024

Respectfully submitted,

**REEDER MCCREARY, LLP**

By: /s/ Christopher S. Reeder
Christopher S. Reeder
Duncan McCreary

**ATTORNEYS FOR DEFENDANTS, CLOSETS BY DESIGN, INC. AND CBD FRANCHISING, INC.**