REEDER MCCREARY, LLP
Christopher S. Reeder, Bar No. 193041
chris@reedermccreary.com
Duncan McCreary, Bar No. 225034
duncan@reedermccreary.com
Marcus L. Tippens, Bar No. 328667
marcus@reedermccreary.com
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
Telephone: 310-861-2470

Attorneys for Defendants and Counterclaimants, Closets by Design, Inc., CBD Franchising, Inc., Closet World, Inc. and Frank M. Melkonian

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CASABLANCA DESIGN CENTER, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CLOSETS BY DESIGN, INC., a California corporation, CBD FRANCHISING, INC., a California corporation, CLOSET WORLD, INC., a Delaware corporation, FRANK M. MELKONIAN, an individual, and DOES 1 – 10, <br><br> Defendants. | Case No. 2:23-CV-02155-ODW-PD <br><br> **COUNTERCLAIM FOR:** <br><br> 1. **FALSE ADVERTISING;** <br><br> 2. **UNFAIR COMPETITION (CAL. B&P Code § 17200);** <br><br> 3. **FALSE ADVERTISING (CAL. B&P Code § 17500)** <br><br> **JURY DEMAND** |
| CLOSETS BY DESIGN, INC., a California corporation, CBD FRANCHISING, INC., a California corporation, CLOSET WORLD, INC., a Delaware corporation, <br><br> Counterclaimants, <br><br> v. <br><br> CASABLANCA DESIGN CENTER, INC., a California Corporation, ONE DAY DOORS & CLOSETS, INC., a California Corporation; ONE DAY ENTERPRISES, LLC, a Delaware limited liability company doing business as One Day Doors & Closets <br><br> Counter-Defendants | |

Closets by Design ("CBD"), CBD Franchising, Inc. ("CBDF"), and Closet World, Inc. ("Closet World") (collectively, "Counterclaimants") bring this Counterclaim against One Day Doors & Closets, Inc. ("ODDC"), One Day Enterprises, LLC, ("ODE") and Casablanca Design Center Inc. dba Interior Door & Closet Company ("Casablanca") (collectively, "Counter-Defendants") and allege as follows:

## I. INTRODUCTION

1. Counter-Defendants have consistently engaged in false and deceptive advertising in three specific ways:

   a. First, Counter-Defendants' website contains a link for potential customers entitled "Today's Offer." Said link directs potential customers to a webpage that instructs potential customers to "Lock in Today's Offer!". Yet, "Today's Offer" is not, in fact, the offer of the day, because said offer is continuous. By utilizing said language, Counter-Defendants wrongfully offer their normal prices as an exclusive deal of the day and create a false sense of urgency.

   b. "Today's Offer" is also misleading under its terms. The Counter-Defendants' "Today's Offer" continuously touts "Buy One Get One Free." Yet, the actual offer's terms are buried at the bottom of the webpage and state that the offer is only valid if a person purchases <u>six</u> doors or more.

   c. Finally, Counter-Defendants' website also targets potential dealers by deceptively advertising that their products are 30-50% cheaper than their competition.

2. As a result of these foregoing practices, Counterclaimants have been and/or are likely to be harmed.

## II. PARTIES

3. One Day Doors & Closets, Inc. ("ODDC") is a California Corporation with its principal place of business in Torrance, California.

4. One Day Enterprises, LLC, ("ODE") is a limited liability company

registered under the laws of the state of Delaware with its principal place of business in Rocklin, California. ODE does business under the name One Day Doors and Closets.

5. Casablanca Design Center Inc. dba Interior Door & Closet Company ("Casablanca") is a California corporation with its principal place of business in Torrance, California. Casablanca does business as "Interior Door & Closet Company."

6. Closets by Design ("CBD") is a California Corporation with its principal place of business in Sacramento, California.

7. CBD Franchising, Inc. ("CBDF") is a California Corporation with its principal place of business in Whittier, California.

8. Closet World, Inc. ("Closet World") is a Delaware Corporation with its principal place of business in Whittier, California.

9. CBDF is a nationwide franchisor that does no business with the general public. CBDF receives a license from CBD to franchise the "Closets By Design" trademark and other intellectual property in order to operate a nationwide network of independently owned and operated franchisees. CBDF licenses franchises that sell, manufacture, and install high-quality custom closet and home organization systems under the highly regarded "Closets By Design®" brand name and franchised system. To promote brand recognition, CBDF conducts nationwide advertising on behalf of its franchisees. CBDF does not, itself, sell any home organization systems and does not do business with the general public. Individual Closets by Design franchisees operate in a similar fashion to CBD, designing, manufacturing, and installing custom closets and other home organization systems in each individual franchisee's territory.

10. Closet World and CBD design, manufacture and install custom closet and other home organization systems in Southern California and other locations. When a customer is purchasing a closet system from Closet World or CBD, the sales process is customized from beginning to end specifically to suit each customer. The

customer meets with a Designer for an in-home consultation. The Designer creates a proposed custom system based on the customer's desires, home, and space available. The customer then engages in direct negotiations with the designer regarding price.

### III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 15 U.S.C. §1121(a) (Lanham Act), and 28 U.S.C. §1331 (federal question). This Court has personal jurisdiction over each corporate Counterdefendant because each has its principal place of business in this state. In addition, each Counterdefendant engages in substantial business in this district, and each has committed, and are now committing, Lanham Act violations that have caused, and are now causing, Counterclaimants damage in this district.

12. This Court further has jurisdiction over Counter-Defendants pursuant to Federal Rules of Civil Procedure 13(a) and (b), 19, and 20.

13. Counterclaimants are informed and believe, and on that basis allege that, at all times relevant hereto, each of the Counter-Defendants conspired and acted in concert with each other to commit the wrongs against Counterclaimants alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Counterclaimants further are informed and believe, and on that basis allege, that in doing the things described in this Counterclaim, each Counter-Defendant was acting within the scope of authority conferred upon that Counter-Defendant by the consent, approval, and/or ratification of the other Counter-Defendants, whether said authority was actual or apparent.

### IV. FACTS COMMON TO THE CLAIMS

**a. Counter-Defendants Operate as a Single Entity, Acting as the Alter Egos and Agents of Each Other**

14. Casablanca, ODDC, and ODE have a unity of ownership, share addresses, and otherwise operate as a single entity. Therefore, Casablanca, ODDC,

and ODE are alter egos and agents of each other.

15. According to the California Secretary of State website, Dairl Johnson was the only manager and member of ODE as of August 29, 2022. Dairl Johnson is Glenn Johnson's father. Yet, as of February 15, 2023, Glenn Johnson and David Winter were the managers and members of ODE. Glenn Johnson owns a majority of ODE and has been performing training for ODE since 2016. ODE's principal address is listed as 3387 Industrial Ave., Rocklin, CA 95765. ODE also lists a member address of 2 Bermuda Ct, Manhattan Beach, CA 90266 for Glenn Johnson

16. According to the California Secretary of State website, Dairl Johnson is also the CEO, CFO, and Secretary of ODDC. ODDC's principal address is 2675 Skypark Drive #203, Torrance, CA 90505 which is shared with Casablanca

17. According to the California Secretary of State website, Glenn Johnson is the CEO, CFO, and Secretary of Casablanca. Casablanca's principal address is 2675 Skypark Drive #203, Torrance, CA 90505, the same principal address as ODDC. In fact, Glenn Johnson again lists the same member address on the Casablanca Statement of Information as he does for ODE, 2 Bermuda Ct, Manhattan Beach, CA 90266.

18. Glenn Johnson owns Casablanca alone and is the majority owner of ODE.

19. In January 2018, ODDC through Dairl Johnson assigned the trademark to "One Day Doors and Closets" to ODE.

20. The above facts demonstrate Casablanca, ODDC, and ODE have a unity of ownership and otherwise operate as a single entity, acting as the alter egos and agents of each other.

### b. Counter-Defendants Falsely Advertise via Their Website

21. Counter-Defendants are nationwide competitors of Closet World, CBD, and CBDF and its franchisees.

22. Counter-Defendants operate a website to market its products, recruit

dealers, and direct potential customers to the dealer in their area. Counter-Defendants' website provides links to a separate but uniform webpage for each of its dealers. A potential customer can find their local dealer and then view the "exclusive" "today's offer" and schedule a consultation.

23. Counter-Defendants' website contains a link prompting users to "Click for Today's Offer" or "Click for Today's Sale":



24. Upon clicking that link, a user is prompted to select their local dealer and directed to a separate webpage for that location.

25. Each webpage for the Counter-Defendants' forty-four (44) dealer locations is almost identical with the only noticeable differences on each webpage being the dealer's name, contact information, hours and address.

26. The webpage for each of Counter-Defendants' forty-four (44) dealer locations also contain a button which purportedly leads to an exclusive offer for that area:



27. However, upon clicking the "Exclusive Offer" button for forty-four dealer locations[1], customers will see one of five variations of the same deceptive "Exclusive Today's Offer" of "Buy One Get One Free" advertising, and encouraging

---

[1] The Indianapolis, Indiana location offers a $100 dollar gift card for referrals but still deceptively presents it as "Today's Offer" and instructs customers to "Lock in Today's Offer"

customers to "Lock in Today's Offer":









28. According to Counter-Defendants' website Casablanca dba as Interior Door & Closet Company, is the dealer for Los Angeles.[2] Casablanca does not operate an independent website.

29. Upon selecting Interior Door & Closet Company, the user is presented with the same ad every day, which is the most common variation of the false advertising used by Counter-Defendants' dealers:



---

[2] https://onedaydoorsandclosets.com/locations

30. Contrary to the statement that this offer is exclusive to the Los Angeles area or that the offer is for today only, the offer is continuous with no change in the terms.

31. On information and belief, Counter-Defendants have had this "Exclusive Today's Offer" scheme in place since at least March 2022. However, despite being presented as a daily sale or offer, the sale or offer does not change on a daily basis, and instead is continuous. As a result, consumers are likely to proceed with purchasing doors and closets from Counter-Defendants without contacting competitors such as Counterclaimants due to the false sense of urgency created by said ads.

32. In addition, the ads are deceptive because they are likely to confuse customers. For example, the "Buy One Get One Free," ad is not buy one get one free, but "Buy one, get one free, with the purchase of 6+ doors or more."

33. Counterclaimants are likely to lose customers who are falsely lured by the offer of free doors, and an immediately expiring offer.

34. In addition, Counter-Defendants' website has a separate section wherein they attempt to recruit new dealers.

35. In the "Become a One Day Dealer" section of Counter-Defendants' website, they falsely state: "The real question is 'How much cheaper are you than your competition?' And the answer to that is about 30 - 50% cheaper when factoring in the cost of the installation as well."[3]

36. This representation, on information and belief, is false and is intended to lure potential dealers or franchisees to Counter-Defendants, rather than to competitors such as CBDF by falsely claiming their total costs are lower.

37. Counter-Defendants' products of comparable quality are not 30-50% cheaper than those offered by CBD or CBDF's franchisees. As a result,

---

[3] https://onedaydoorsandclosets.com/become-a-dealer

Counterclaimants have been harmed and/or are likely to be harmed by the loss of potential franchisees due to Counter-Defendants' false claims and advertisements.

### Investigation

38. Counterclaimants' attorneys and retained private investigators conducted an investigation into the Counter-Defendants' past and present deceptive advertising.

#### i. False Advertisements via the Internet

39. On information and belief, Counter-Defendants have published the same false advertisements offering customers "Today's Offer" to "Buy One Get One Free" on the world wide web via Google sponsored advertising, Facebook and Instagram.

40. Counter-Defendants advertise on Google's search engine platform. Google's Ads Transparency Center reveals that the Counter-Defendants' advertisements on that platform link to their "Exclusive Today's Offer" to "Buy One Get One Free".

41. Attached as **Exhibit 1** is a screenshot of Google's Ads Transparency search for ads by Casablanca Design Centers, Inc.

42. Attached as **Exhibit 2** is a screenshot of Google's Ads Transparency search for ads connected to the website address onedaydoorsandclosets.com.

43. Meta, Inc. owns and operates the Facebook and Instagram social media platforms. Account owners may advertise via those platforms. Advertisers, such as Counter-Defendants, use Meta to target potential customers for their advertising according to the day, time, and information Meta knows about its users, such as location, personal characteristics, and past online conduct.

44. Counter-Defendants have advertised and continue to advertise on Facebook and Instagram. Their advertisements are targeted towards users who reside throughout the United States, including in Southern California, and in every geographic location where its dealers are located.

45. Meta maintains a publicly accessible "Ad Library" that provides data about each of its advertiser's advertisements. Most of the data relates to that advertiser's currently ongoing advertising campaign. Some of the data is images of, and information about, previous advertisements.

46. The Ad Library can be accessed here: https://www.facebook.com/ads/library The Ad Library for a particular account can also be accessed by visiting its homepage, using the dropdown menu triggered by clicking the ellipsis, navigating to the "About this account" option, and then clicking the "Active ads" option.

47. Counsel for Counterclaimants visited the Ad Library and queried it for two accounts that on information and belief, are linked to the Counter-Defendants: "One Day Doors & Closets" and "One Day Doors & Closets (Los Angeles)" Attached as **Exhibit 3** is a screenshot of the Meta Ad Library search for "One Day Doors & Closets (Los Angeles)."

48. Meta's Ad Library reveals that the Counter-Defendants' advertisements on that platform link to their deceptive "Exclusive Today's Offer" to "Buy One Get One Free".

49. In order to confirm that Counter-Defendants' false advertising has been continuous and ongoing, counsel for Counterclaimants has visited the Counter-Defendants website periodically from late June of 2024 to mid-October 2024 and has viewed the discussed advertising upon every visit to the Counter-Defendants' website. Attached as **Exhibits 4 - 7** are screenshots of each of the Counter-Defendants' website advertisements taken periodically by counsel for Counterclaimants and a list of dates each screenshot was captured.

### ii. Shopping of Counter-Defendants

50. Counterclaimants hired private investigators to pose as a customer interested in Counter-Defendants' products at both their Phoenix, Arizona location and their Torrance, California location.

51. The dealer for the Torrance, California location is Casablanca doing business as Interior Door & Closet Company. The private investigator made an in-home consultation appointment with Casablanca.

52. On the day of the appointment, CEO, CFO, and Secretary of Casablanca, Glenn Johnson arrived as the designer for the in-home consultation. During the consultation, Glenn Johnson measured the agent's bedroom and office spaces and confirmed to the private investigator that Casablanca does have the "Buy One Get One Free" offer that is online but that it is only for certain products and would not count on products like barn doors or closets and that there are restrictions on quantities.

53. The statements by Glenn Johnson that they did have the "Buy One Get One Free" offer that is online, but that it is only for certain products and would not count on products like barn doors or closets and that there are restrictions on quantities, establishes that Counter-Defendants' deceptive online "Today's Offer" for "Buy One Get One Free" false advertising is ongoing. Said exclusions are not denoted on Counter-Defendants' website.

54. The dealer for the Phoenix, Arizona location is One Day Doors & Closets of Arizona. The private investigator also exchanged emails with a salesperson from One Day Doors & Closets of Arizona.

55. In the email exchange, One Day Doors & Closets of Arizona's salesperson confirmed that they did have the "Buy One Get One Free" offer that is online but it only refers to 80" height only and is just the door, and does not include painting, hardware or installation. Again, said exclusions are not denoted on Counter-Defendants' website. The salesperson also confirmed to the private investigator that the offer could be used to pay for four doors and get four doors free. Notably, this is contrary to the terms of the online advertisement specific to One Day Doors & Closets of Arizona.

56. The statements by One Day Doors & Closets of Arizona's salesperson

establishes that Counter-Defendants' deceptive online "Today's Offer" for "Buy One Get One Free" advertising is continuous and ongoing.

57. Moreover, the fact that the same deceptive online "Today's Offer" for "Buy One Get One Free" that is listed on Counter-Defendants' main webpage, forty-three (43) dealer locations' webpages (including Casablanca's) and that was confirmed by the salesperson in Arizona and California demonstrates that the statement on each dealer's webpage that the offer is exclusive to that area is deceptive and false as the offer is available nationwide at every single one of Counter-Defendants' dealers.

## FIRST CLAIM OF RELIEF

### False Advertising under 15 U.S.C. §1125(a)(1)(B)

### (Against All Counter-Defendants)

58. Counterclaimants reallege each and every allegation contained above as though fully set forth herein.

59. Counter-Defendants engage in unlawful, unfair, and fraudulent conduct by falsely advertising a "Click for Today's Offer" or "Click for Today's Sale" on their website. This offer requires that the user follow a link, but on information and belief, this offer remains the same from day to day, with no set end date.

60. By making the user click a link for "Today's Offer" or "Today's Sale", Counter-Defendants improperly make potential customers believe that the sale is a one-day sale, and that they must act immediately. However, the sales are continuous, and do not vary from day to day, despite the claim that the offer is based on the specific day. The website as it currently exists provides the following:





61. In addition, Counter-Defendants' website states that "The real question is 'How much cheaper are you than your competition?' And the answer to that is about 30 - 50% cheaper when factoring in the cost of the installation as well."

62. Counter-Defendants compete against Counterclaimants in both the closet remodeling and design business, but also in securing persons to be dealers or franchisees for their closet remodeling and design businesses.

63. The foregoing misrepresentations are material, and likely to influence the purchasing habits of the public. Said misrepresentations make consumers less likely to compare the services offered by Counter-Defendants to those offered by Counterclaimants.

64. Counter-Defendants' website markets its products in multiple states, including in California. Further, Counter-Defendants seek dealers in multiple states, and are attempting to grow their dealership network.

65. As a result of Counter-Defendants' false advertising, Counterclaimants have lost, and/or are likely to lose, customers to Counter-Defendants. Counterclaimants are also likely to lose potential franchisees to Counter-Defendants based on their misrepresentations as to the price of the services and goods offered.

## SECOND CLAIM OF RELIEF

### Unfair Competition under Bus. and Prof. Code § 17200 et seq.

### (Against All Counter-Defendants)

66. Counterclaimants reallege each and every allegation contained above as though fully set forth herein.

67. Counter-Defendants engage in unlawful, unfair, and fraudulent conduct by falsely advertising a "Click for Today's Offer" or "Click for Today's Sale" on their website. This offer requires that the user follow a link, but on information and belief, this offer remains the same from day to day, with no set end date.

68. By making the user click a link for "Today's Offer" or "Today's Sale", Counter-Defendants improperly make potential customers believe that the sale is solely one-day. Yet, said sales are continuous.

69. The offer or sale is also deceptive because it is prominently advertised as a buy one, get one free deal. Yet, the offer's actual terms contradict the buy one, get one free advertisement because the additional terms state that a free door is only available upon the purchase of six doors.

70. This conduct is unlawful in that it violates 15 U.S.C. §1125(a)(1)(B).

71. Counter-Defendants also falsely advertise for new dealers, by stating "The real question is 'How much cheaper are you than your competition?' And the answer to that is about 30 - 50% cheaper when factoring in the cost of the installation as well." This representation is made without any supporting facts and is inaccurate.

72. The foregoing ads are a violation of California law because said ads are misleading and likely to cause confusion.

73. Members of the public are likely to be misled by the foregoing

COUNTERCLAIM

advertisements because said ads create false urgency, present false deals and falsely state that the products are of similar quality but drastically cheaper. Said representations are likely to lure persons to either purchase products from Counter-Defendants and/or become a dealer of Counter-Defendants rather than purchase from and/or become a franchisee or dealer of a competitor.

## THIRD CLAIM OF RELIEF

## False Advertising under Bus. and Prof. Code § 17500 et seq.

## (Against All Counter-Defendants)

74. Counterclaimants reallege each and every allegation contained above as though fully set forth herein.

75. Counter-Defendants engage in public dissemination of misleading advertising by falsely advertising a "Click for Today's Offer" or "Click for Today's Sale" on their website. This offer requires that the user follow a link, but on information and belief, this offer remains the same from day to day, with no set end date.

76. By making the user click a link for "Today's Offer" or "Today's Sale", Counter-Defendants improperly make potential customers believe that the sale is a for one day only. However, the sales are continuous and do not vary daily.

77. "Today's Offer" is also deceptive because said advertisement is falsely advertised as buy one get one free. Yet, according to the terms of the ad, the purchase of six doors are required to receive one free door.

78. Counter-Defendants also improperly advertise, in the attempt to lure new dealers, by stating "The real question is 'How much cheaper are you than your competition?' And the answer to that is about 30 - 50% cheaper when factoring in the cost of the installation as well." This representation is made without any supporting facts and is inaccurate.

79. The foregoing ads are a violation of California law because said ads are misleading and likely to cause confusion.

80. Members of the public are likely to be misled by the foregoing advertisements because said ads create a false sense of urgency, present false deals and falsely state that the products are of similar quality but drastically cheaper. Said representations are likely to lure persons to either purchase products from Counter-Defendants and/or become a dealer of Counter-Defendants rather than purchase from and/or become a franchisee or dealer of a competitor.

## PRAYER FOR RELIEF

1. A finding that Counter-Defendants have each engaged in false advertising in violation of the Lanham Act (15 U.S.C. §1125(a)(1)(B)), the UCL (Cal. Bus. and Prof. Code § 17200 et seq.) and the FAL (Cal. Bus. and Prof. Code § 17500 et seq.);

2. A finding that Counter-Defendants' false and misleading advertising is intentional, willful, and malicious;

3. A finding that Counterclaimants have been or are likely to be irreparably harmed by Counter-Defendants' false and misleading advertising;

4. The issuance of an injunction prohibiting each of Counter-Defendants from continuing to distribute and publish their false and misleading advertising;

5. Ordering Counter-Defendants to pay, jointly and severally, monetary relief to Counterclaimants pursuant to 15 U.S.C. §1117(a) for Counter-Defendants' false advertising, specifically: (i) the profits each company earned as a result of its false and misleading advertising, (ii) the amount in damages Counter-Defendants sustained as a result of each company's false and misleading advertising, and (iii) Counter-Defendants' costs of this action;

6. Awarding Counterclaimants pre-judgment and post-judgment interest, to the fullest extent allowable at law or in equity, on all damages;

7. A finding that this is an exceptional case under the Lanham Act and awarding Counter-Defendants their reasonable attorneys' fees under 15 U.S.C. §1117(a);

8. Entering an order requiring each Counterdefendant to publish corrective advertising;

9. An order requiring restitution by Counter-Defendants for their unfair competition and false advertising.

10. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Counterclaimants hereby request a jury trial for all claims for relief.

DATED: October 18, 2024

**REEDER MCCREARY, LLP**

By: _____

Christopher S. Reeder
Duncan McCreary
Marcus L. Tippens

**ATTORNEYS FOR COUNTERCLAIMANTS, Closets by Design, Inc., CBD Franchising, Inc., and Closet World, Inc.**