O

United States District Court
Central District of California

| | |
|---|---|
| CASABLANCA DESIGN CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLOSETS BY DESIGN, INC. et al., <br><br> Defendants. | Case № 2:23-cv-02155-ODW (PDx) <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION [70]** |

## I.   INTRODUCTION

Plaintiff Casablanca Design Center, Inc. ("Casablanca") brings this action against Defendants Closets by Design, Inc., CBD Franchising, Inc., Closet World, Inc., and Frank Melkonian. (Second Am. Compl. ("SAC"), ECF No. 40.) Casablanca moves for reconsideration of the Court's order ("Dismissal Order") dismissing its third and fourth causes of action for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act. (Mot. Recons. ("Mot." or "Motion"), ECF No. 70.) For the following reasons, the Court **DENIES** Casablanca's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On November 8, 2024, the Court granted Defendants' motion to dismiss and dismissed Casablanca's third and fourth causes of action for violations of the RICO Act. (Order Granting Mot. Dismiss ("Dismissal Order"), ECF No. 69.) In its Dismissal Order, the Court found Casablanca lacked standing to assert RICO Act violations, because Casablanca failed to allege sufficient facts to establish concrete loss and proximate causation between its alleged injuries and Defendants' conduct. (*Id.* at 5–8.)

Casablanca now moves for reconsideration pursuant to Federal Rule of Civil Procedure ("Rule") 60(b) and California Central District Civil Local Rule ("Local Rule") 7-18. (Mot. 4–5.) The Motion is fully briefed. (Opp'n, ECF No. 71; Reply, ECF No. 76.)

## III. LEGAL STANDARD

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding." The Rule provides several bases for seeking this relief, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied judgment; and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Motions for relief pursuant to Rule 60(b) "are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

Under Local Rule 7-18, the grounds on which a party may move for reconsideration are limited to: (a) "a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered;" (b) "the emergence of new material facts or a change of law occurring after the Order was entered;" or (c) "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." C.D. Cal. L.R. 7-18.

## IV. DISCUSSION

Casablanca moves for reconsideration of the Court's proximate cause analysis for RICO standing. (Mot. 6–10.) Relying on Rule 60(b)(1) and Local Rule 7-18, Casablanca asserts that the Court began its analysis on a "factual error," failed to consider material facts, incorrectly characterized allegations as admissions, and relied upon overruled case law. (*Id.* at 2, 6.) Defendants respond that Casablanca fails to identify new facts or law that provide a legitimate basis for reconsideration. (Opp'n 1.) Defendants are correct.

First, Casablanca argues that the Court's proximate cause analysis "began with a factual error" because the Court raised the issue of standing based on Casablanca's assertion that "it is not a direct victim of Defendants' false advertising." (Mot. 6 (quoting Dismissal Order 5).) Casablanca contends that it made this statement in connection to its Lanham Act claim—not its RICO claim—and that "[t]here is no support in the law for the proposition that a competitor in the marketplace cannot be directly harmed by another competitor's false advertising." (Mot. 4, 6 (emphasis omitted).) But the Court did not rely on Casablanca's assertion that it was not a direct victim or on the identified "proposition" to reach its proximate cause finding. Rather, the Court based its proximate cause analysis on Casablanca's allegations that it suffered lost potential customers, sales, money, and resources, and suffered weakened market position and damaged good will. (*See* Dismissal Order 6–7.) After considering Casablanca's allegations, the Court found that Casablanca "fail[ed] to show concrete loss and proximate causation between its lost market opportunities and Defendants' conduct." (*Id.* at 7.) As the Court did not rely on Casablanca's asserted "factual error," this argument is not a proper basis for reconsideration.

Second, Casablanca improperly asserts the same arguments and allegations it previously raised and does not point to new or relevant material facts that the Court did not already consider in its analysis of proximate cause. *See* C.D. Cal. L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written

1 argument made in support of, or in opposition to, the original motion."). Specifically, Casablanca argues the Court failed to consider *why* it lost sales, money and resources and incorrectly characterized its allegations as an "admission." (*See* Mot. 7–9.) This argument relies entirely on allegations from the Second Amended Complaint. (*Id.* at 7–9.) The Court properly "accepted as true" Casablanca's well-pleaded allegations and considered them in its analysis. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); (*see also* Dismissal Order 6–7.) Without raising new material facts, Casablanca's "mere disagreement with the Court's determination is insufficient grounds for reconsideration." *AECOM Energy & Constr., Inc. v. Ripley*, No. 2:17-cv-05398-RSWL (SSx), 2019 WL 2610953, at *9 (C.D. Cal. Apr. 24, 2019).

Lastly, Casablanca challenges the case law cited by the Court in its Dismissal Order. But these arguments fail to present material difference in law or emergence of new change of law to establish a basis for reconsideration. C.D. Cal. L.R. 7-18.

In a footnote, Casablanca first contends the rule articulated in *Chaset v. Fleer/Skybox International, LP*, 300 F.3d 1083 (9th Cir. 2002) that "a RICO plaintiff must show proof of concrete financial loss, and not mere injury to a valuable intangible property interest" was overruled by *Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005). (Mot. 10 n.2). As "[a]rguments raised only in footnotes . . . are generally deemed waived," the Court declines to consider this argument. *Est. of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014). Nevertheless, *Diaz* did not overrule *Chaset*'s rule; rather, it "clarified" the standard and held that injury to a property interest is sufficient to establish RICO standing. 420 F.3d at 899; *cf. Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008) (explaining that the Ninth Circuit "requires that a plaintiff asserting injury to property to allege 'concrete financial loss'").

Casablanca next challenges the Court's reliance on *Anza v. Ideal Steel Corporation*, 547 U.S. 451 (1991). Casablanca argues the Supreme Court in *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008) distinguished *Anza* "on the basis

there were 'independent factors' that accounted for plaintiff's injury."[2] (Mot. 10.) But *Bridge* is inapplicable as the facts are not analogous to this case—*Bridge* does not involve a RICO claim between market competitors. Rather, as the Court already explained in its Dismissal Order, this case is more like *Anza*, where the Supreme Court found the causal connection between the alleged lost profits and defendants' conduct to be too attenuated because the harm "may have been produced by independent factors." 547 U.S. at 459–60. Thus, Casablanca's reliance on *Bridge* does not raise proper grounds for reconsideration.

As discussed above, Casablanca fails to raise a basis for reconsideration of the Court's Dismissal Order. While Casablanca may disagree with the Court's ruling, mere disagreement with the Dismissal Order is an insufficient basis for reconsideration. *Ripley*, 2019 WL 2610953, at *9.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Casablanca's Motion for Reconsideration. (ECF No. 70.)

**IT IS SO ORDERED.**

May 13, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[2] This assertion is incorrect. In *Bridge*, the Supreme Court held the plaintiffs established RICO standing because "unlike in . . . *Anza*, there are no independent factors that account for respondents' injury." 553 U.S. 639, 658 (2008) (emphasis added).